STATE OF HAWAI'I, Plaintiff-Appellee,
v.
THINH LUONG, Defendant-Appellant.
No. 28427.
In the Intermediate Court of Appeals of Hawaii.
April 3, 2008.
On the briefs:
Karen T. Nakasone, Deputy Public Defender, for Defendant-Appellant.
Anne K. Clarkin, Deputy Prosecuting Attorney, City and County of Honolulu, for Plaintiff-Appellee.

SUMMARY DISPOSITION ORDER
RECKTENWALD, C.J., FOLEY and FUJISE, JJ.
Defendant-Appellant Thinh Luong (Luong) appeals from the February 5, 2007 judgment of the Circuit Court of the First Circuit (circuit court),[1] finding him guilty of Promoting a Dangerous Drug in the Third Degree in violation of Hawaii Revised Statutes (HRS) § 707-1243 (Supp. 2006) and Unlawful Use of Drug Paraphernalia in violation of HRS § 329-43.5(a) (1993), and sentencing him to a five year term of imprisonment on each count, to run concurrently, and a $105 payment to the Crime Victim Compensation Fund.
Luong's first trial ended in a mistrial after the jury was unable to reach a verdict. Luong then moved to dismiss the complaint based on State v. Moriwake, 65 Haw. 47, 647 P.2d 705 (1982). The circuit court denied the motion, and a jury found Luong guilty on both counts after a second trial.
On appeal, Luong raises the following point of error: "The trial court erred in denying Luong's motion to dismiss under State v. Moriwake."
After a careful review of the records and briefs submitted by the parties, and having given due consideration to the arguments advanced and the issues raised, we resolve Luong's point of error as follows:
The circuit court did not abuse its discretion in denying Luong's motion to dismiss. Id. at 57-58, 647 P.2d at 713 (dismissal affirmed when circuit court did not "abuse[] its discretion"). The circuit court explicitly considered each of the six factors which the Hawaii supreme court in Moriwake indicated "should" be evaluated. Id. at 56-57, 647 P.2d at 712-13. The circuit court did not consider impermissible factors when it noted that the State of Hawai`i (State) (1) had identified an additional witness that it could call in a second trial, and (2) could conduct fingerprint analysis on the pipe and lighter for use in a second trial. See id. at 56, 647 P.2d at 712 (court should consider "the likelihood of any substantial difference in a subsequent trial"). Although Luong suggests that the State was "incompetent and ineffective" in its prosecution of the first trial, the circuit court expressly found that both defense counsel and the prosecutor were "professional, diligent[,] . [and] did a good job." Based on the record, we cannot conclude that the circuit court erred in making that finding.
Therefore,
IT IS HEREBY ORDERED that the February 5, 2007 Judgment of Conviction and Sentence entered in the Circuit Court of the First Circuit is hereby affirmed.
NOTES
[1] The Honorable Steven S. Alm presided.